IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DONALD G. RICHARDSON, )
)
    Petitioner, )
)
)   CIV-15-185-W
v. )
)
TRACY McCOLLUM, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be denied.

In his Petition, Petitioner asserts that the Oklahoma Department of Corrections ("ODOC") has violated *ex post facto* principles by "withholding Earned Credits for a four (4) decades old escape charge which occurred in 1975 in Atoka County CRF-83-6 that was dismissed by the State." Petition, at 2. Petitioner alleges that "his escape in 1975" was later

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

dismissed by the state court in 1984 and that prison officials did not charge him with a misconduct infraction for the escape.

Petitioner relies on the Tenth Circuit Court of Appeals' decision in Smith v. Scott, 223 F.3d 1191 (10th Cir. 2000), to support his argument that he is being denied the opportunity to earn sentence credits at levels three and four based on an "ex post facto application of administrative policy. . . ." Petition, at 6. Petitioner also relies on the Oklahoma Court of Criminal Appeals' decision in Ekstrand v. State, 791 P.2d 92 (Okla. Crim. App. 1990).

"To fall within the *ex post facto* prohibition, a law must be retrospective - that is, 'it must apply to events occurring before its enactment' - and it 'must disadvantage the offender affected by it' . . . by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997)(quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)).

ODOC is directed by Okla. Stat. tit. 57, § 138 to develop written policies and procedures whereby Oklahoma inmates are assigned to one of four class levels based on such factors as rehabilitation, obtaining job skills, educational enhancement, participation in and completion of alcohol/drug abuse programs, conduct record, participation in programs, cooperative behavior, work attendance and productivity, and other factors.

In this case, Petitioner has not shown any retrospective action by ODOC officials under this classification program or any ODOC policy that disadvantaged him by increasing his punishment. In Ekstrand, the Oklahoma Court of Criminal Appeals determined that the application of Okla. Stat. tit. 57, § 138 (Supp. 1988), which created the State's four-level

earned credit system for Oklahoma inmates, to the sentence of an Oklahoma prisoner and similarly situated inmates convicted for crimes committed before the statute's amendment was an *ex post facto* law. Petitioner's "beef" is not with the application of Oklahoma's earned credits system *per se*. Rather, Petitioner's *ex post facto* allegation is that an old escape charge is being used by ODOC officials to deny him the opportunity to earn sentence credits at higher classification levels. Consequently, the Ekstrand decision has no application to his sentence.

In Smith, the Tenth Circuit Court of Appeals held that an amendment to ODOC's policy OP-060213 which was adopted in 1997 could not be applied, consistent with *ex post facto* guarantees, as a basis for revoking earned credits previously applied to the sentence of an Oklahoma inmate. The case involved the issue of "whether the phrase 'active misconduct security points' as used in the 1988 version of the regulation encompasse[d] the term 'active custody assessment points in the Escape History [section]' from the 1997 amendment" of the policy. Smith, 223 F.3d at 1194. For several reasons, including the lack of consistent interpretation of the policy by ODOC officials, the court determined that the 1997 amendment to OP-060213 was a "substantive change" that was "not foreseeable in 1992 when Mr. Smith was charged with the escape misconduct." Id. at 1196.

Petitioner has not alleged that any amended ODOC policy could not be applied to his sentence because it was not a foreseeable interpretation of a previous policy applied to his sentence. Rather, Petitioner asserts that his escape history simply cannot be used as a basis for denying him promotion to earned credit levels three and four because the escape charge

3

was later dismissed by the state court and because he was never charged with a misconduct for the escape.[2] Petitioner alleges that ODOC "has failed to produce a scintilla of evidence in this case than an escape has ever taken place." Petition, at 8. Consequently, there is no *ex post facto* issue raised by the allegations in the Petition.

Petitioner contends that ODOC officials have determined that he has "10 additional security points for a period of five (5) years starting in 2012 when petitioner began serving his state conviction out of Oklahoma County in CRF-1975-2070" and that he cannot advance to earned credit levels three or four "until the five (5) year period has elapsed." Petition, at 9. According to Petitioner, he was serving a federal sentence until February 2012 when he was returned to state custody to begin serving his sentence for the 1975 conviction. Petitioner has not pointed to any amended provision in § 138 or in ODOC policy that was unforeseeable at the time of his February 2012 incarceration. Because Petitioner did not begin serving his sentence for the Oklahoma County conviction until February 2012, Petitioner has not shown that he would be entitled to receive earned credits under any version of an ODOC policy in effect prior to the date of his incarceration. Therefore, Petitioner's *ex post facto* claim is without merit, and Petitioner is not entitled to habeas relief.

---

[2]ODOC's OP-060103, which provides guidelines for custody assessment to determine where an offender is confined, does not require a misconduct conviction or a felony or misdemeanor conviction for consideration of an escape or attempted escape, but requires consideration of an escape or attempted escape that is documented on rap sheets, "movement history," or in "any other entry on an official government document." OP-060103(I)(B)(3), http://www.ok.gov/doc/documents/op060103(m).pdf (last accessed March 2, 2015). Offenders with "active escape points" are not eligible for promotion to earned credit levels three or four for five years. OP-060107(I)(B)(2)©, http://www.ok.gov/doc/documents/op060107.pdf (last accessed March 2, 2015).

4

Petitioner's due process argument is equally meritless. Petitioner has a liberty interest in credits already earned. See Worthen v. Franklin, 186 Fed. App'x. 835, 838 (10th Cir. 2006)(unpublished op.)(citing Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993). But ODOC did not revoke credits Petitioner was allowed to earn under a previous interpretation or application of ODOC policy.

As a convicted offender, Petitioner "has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998). And ODOC's discretionary decision to establish Petitioner's classification and earned credits level based on ODOC policy and his albeit remote escape history did not deprive him of a liberty interest. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994)("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."). Thus, Petitioner has not shown a due process deprivation, and he is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 23rd, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in

objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   3rd   day of   March  , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE