IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
MAR 2 3 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

DONALD GENE RICHARDSON, )
)
Petitioner, )
)
vs. ) No. CIV-15-185-W
)
TRACY McCOLLUM, Warden, OSR, )
)
Respondent. )

## ORDER

On March 3, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2241 of the United States Code by petitioner Donald Gene Richardson be denied. Richardson was advised of his right to object, see Doc. 5 at 5, and the matter now comes before the Court on Richardson's Objection to the Magistrate's Report and Recommendation. See Doc. 6.

Upon de novo review of the record, the Court finds no error in Magistrate Judge Purcell's findings and conclusions with regard to Richardson's allegations that his constitutional rights have been violated by the decision of the Oklahoma Department of Corrections ("DOC") regarding his earned credit level and DOC's failure to promote him to earned credit levels three and four.

Accordingly, the Court

(1) CONCURS with Magistrate Judge Purcell's suggested disposition of Richardson's Petition;[1]

---

[1] Richardson has taken issue with Magistrate Judge Purcell's review of his Petition without seeking a response from respondent Tracy McCollum, Warden, and he has contended that

(2) ADOPTS the Report and Recommendation [Doc. 5] filed on March 3, 2015; and

(3) DENIES Richardson's Petition [Doc. 1] file-stamped February 20, 2015.

ENTERED this 23rd day of March, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

Magistrate Judge Purcell "failed in [his] . . . duty to order a Response by the State and supply the Court with a viable record for this appeal." Doc. 6 at 2.

Preliminary review of a petition filed under section 2241 is permitted. See Rule 1, Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes (Rule 1 provides that habeas corpus rules applicable to petitions by persons in custody pursuant to judgment of state court); Rule 1(b), supra; Rule 4 (judge must promptly examine petition and "[i]f it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief . . . , the judge must dismiss the petition"); id. (only if petition is not dismissed, judge will order respondent to file an answer, motion or other response). See McFarland v. Scott, 512 U.S. 849 (1994)(citing Rule 4, supra)(courts authorized to dismiss summarily any habeas petition that appears legally insufficient on its face); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)(citation omitted)(court acted within its discretion by applying Section 2254 Rules to section 2241 petition).